| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

| | |
|---|---|
| TODD D. BRYSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| versus § | CIVIL ACTION NO. 1:16-CV-28 |
| § | |
| WELLS FARGO BANK, N.A., § | |
| § | |
| Defendant. § | |

**MEMORANDUM AND ORDER**

Pending before the court is Plaintiff Todd D. Bryson's ("Bryson") Motion to Remand (#5), in which Bryson seeks remand to state court of his action against Wells Fargo Bank, N.A. ("Wells Fargo"). After considering the motion, the response, the reply, the pleadings, and the applicable law, the court is of the opinion that Bryson's motion should be granted.

I. Background

Bryson, a Texas resident, filed this case in the 60th Judicial District Court of Jefferson County, Texas, against Wells Fargo and Action Restoration, Inc. ("Action"), a corporation with its principal place of business in Texas, on November 6, 2014. In 2008, Bryson secured a loan from Wachovia Bank, which was subsequently acquired by Wells Fargo, for approximately $700,000.00 on an eleven-acre tract of land that included a residence (the "property"). At the time, Bryson was the Chief Executive Officer of Action, and Action agreed, by contract, that it would be responsible for making Bryson's loan payments. Subsequently, Bryson and Action parted ways, and Action, without notifying Bryson, ceased making loan payments to Wells Fargo. Consequently, Wells Fargo began foreclosure proceedings against the property. Action attempted

to stop the foreclosure proceeding but was unsuccessful, and the property was sold at a foreclosure sale to Wells Fargo on April 1, 2014.

In his petition, Bryson asserted claims of wrongful foreclosure against Wells Fargo and breach of contract against Action. Bryson also sought declaratory relief against both Wells Fargo and Action as well as temporary and permanent injunctive relief against Wells Fargo. Action subsequently filed for Chapter 11 bankruptcy protection on December 11, 2014, in the United States Bankruptcy Court for the Eastern District of Texas (the "Bankruptcy Court"). *In re Action Restoration, Inc.*, No. 14-10620 (Bankr. E.D. Tex. Dec. 16, 2015).[1]

On July 23, 2015, the Bankruptcy Court approved a Compromise and Settlement Agreement (the "settlement agreement") between Action and Bryson, which disposed of all claims between them. After the Bankruptcy Court's approval of the settlement, the 58th Judicial District Court of Jefferson County, Texas, became the proper forum for the distribution of the settlement funds. *Bryson v. BRRW Farm & Ranch, Inc.*, No. A-196,616 (58th Dist. Ct. Jefferson County, Tex.).[2] On July 27, 2015, Wells Fargo filed a Plea in Intervention in the 58th District Court to

---

[1] Following Action's filing of bankruptcy, Wells Fargo attempted to remove the case to federal court on March 11, 2015, based on 28 U.S.C. § 1334, which grants district courts jurisdiction over cases "related to" bankruptcy proceedings. On June 3, 2015, the court remanded the case back to state court. The court found that although the district court had jurisdiction pursuant to 28 U.S.C. § 1334, Wells Fargo's removal was untimely and, in any event, remand was proper based upon the theories of equitable remand and permissive abstention. *See Bryson v. Wells Fargo Bank, N.A.*, No. 1:15-cv-105 (E.D. Tex. June 3, 2015).

[2] Bryson brought suit against Action and BRRW Farm and Ranch concerning a related matter, which is still pending.

recover monies due to Bryson as a result of the settlement, and, on August 3, 2015, Wells Fargo filed an objection to the payment of Bryson's contingent attorney's fees.[3]

On December 29, 2015, Action's lawyers filed a Notice of Nonsuit against Action in the underlying case, which was approved by Bryson's counsel.[4] The state court judge entered an Order of Nonsuit the following day. Wells Fargo filed its notice of removal of the case to this court on January 28, 2016, asserting that removal is proper based on diversity jurisdiction.

On February 29, 2016, Bryson filed the instant motion to remand, in which he contends that the case became removable on July 23, 2016, when the Bankruptcy Court approved the settlement agreement and that Wells Fargo was aware of the settlement, yet failed to seek removal within 30 days. Bryson also argues that Wells Fargo's removal is untimely because it was filed more than one year after the suit was initially filed and that he did not act in bad faith in nonsuiting Action in December 2015. In response, Wells Fargo argues that the Bankruptcy Court's order approving the settlement agreement did not trigger the 30-day removal clock and that the one-year bar to removal of diversity actions does not apply because Bryson acted in bad faith by delaying in filing its nonsuit of Action.[5]

---

[3] Wells Fargo claims it had no knowledge of the settlement agreement, but it appears that counsel for Wells Fargo—although not the same lawyers appearing in this case for Wells Fargo—was present at the hearing on August 4, 2015, where the settlement agreement between Bryson and Action was discussed on the record.

[4] Under Texas law, a nonsuit operates as a voluntary dismissal, without prejudice, of a party's claims. See TEX. R. CIV. P. 162; *Rexrode v. Bazar*, 937 S.W.2d 614, 619 (Tex. App.—Amarillo 1997, no writ).

[5] On March 24, 2016, the court ordered Brsyon to file a reply to Wells Fargo's response specifically addressing why he waited to nonsuit Action until December 2015. See Docket No. 13. Bryson filed his reply on March 24, 2016.

II.  Analysis

    A.    Removal Jurisdiction

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, ___ U.S. ___, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *accord Hotze v. Burwell*, 784 F.3d 984, 999 (5th Cir. 2015); *Scarlott v. Nissan N. Am., Inc.*, 771 F.3d 883, 887 (5th Cir. 2014); *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen*, 511 U.S. at 377 (citations omitted). The court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.), *cert. denied*, 534 U.S. 993 (2001) (citing *Kokkonen*, 511 U.S. at 377); *accord Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Clayton v. Conoco Phillips Co.*, 722 F.3d 279, 290 (5th Cir. 2013). In an action that has been removed to federal court, a district court is required to remand the case to state court if, at any time before final judgment, it determines that it lacks subject matter jurisdiction. *See* 28 U.S.C. § 1447(c); *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009); *Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *Spear Mktg., Inc. v. BancorpSouth Bank*, 791 F.3d 586, 592 (5th Cir. 2015); *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014).

When considering a motion to remand, "[t]he removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Barker v. Hercules Offshore Inc.*, 713 F.3d 208, 212 (5th Cir. 2013) (quoting *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002)); *accord African Methodist Episcopal Church*, 756 F.3d at 793;

*Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013); *see* 13E CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3602.1 (3d ed. 2013). "This extends not only to demonstrating a jurisdictional basis for removal, but also necessary compliance with the requirements of the removal statute." *Roth v. Kiewit Offshore Servs., Ltd.*, 625 F. Supp. 2d 376, 382 (S.D. Tex. 2008) (quoting *Albonetti v. GAF Corp. Chem. Grp.*, 520 F. Supp. 825, 827 (S.D. Tex. 1981)); *accord Fort Worth & W. R.R. Co. v. Stevenson*, No. 3:15-CV-0906-B, 2015 WL 38679706, at *1 (N.D. Tex. June 22, 2015); *Crossroads of Tex., L.L.C. v. Great-West Life & Annuity Ins. Co.*, 467 F. Supp. 2d 705, 708 (S.D. Tex. 2006). Non-jurisdictional defects in the removal procedure, such as removal by an in-state defendant, however, are waived unless raised in a motion to remand within thirty days after removal. 28 U.S.C. § 1447(c); *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 284 (5th Cir. 2004); *Denman by Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998) (citing *In re Shell Oil Co.*, 932 F.2d 1518, 1523 (5th Cir. 1991)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citing 28 U.S.C. § 1441(a)); *see Mumfrey*, 719 F.3d at 397.

"The removal statute ties the propriety of removal to the original jurisdiction of the federal district courts." *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997); *see* 28 U.S.C. § 1441(a); *Camsoft Data Sys., Inc. v. S. Elec. Supply, Inc.*, 756 F.3d 327, 333 (5th Cir. 2014); *Barker*, 713 F.3d at 228. Because removal raises significant federalism concerns, the removal statutes are strictly and narrowly construed, with any doubt resolved against removal and in favor of remand. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941); *African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212.

B. <u>Diversity Jurisdiction</u>

Federal courts have subject matter jurisdiction and are authorized to entertain causes of action only where a question of federal law is involved or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. 28 U.S.C. §§ 1331, 1332; *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006); *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014); *Halmekangas*, 603 F.3d at 294. In order to determine whether jurisdiction is present in a removed action, the claims set forth in the state court petition are considered as of the date of removal. *Standard Fire Ins. Co. v. Knowles*, ___ U.S. ___, 133 S. Ct. 1345, 1349 (2013); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 391 (1998); *Campbell v. Stone Ins., Inc.*, 509 F.3d 665, 669 n.2 (5th Cir. 2007); *McGowin v. ManPower Int'l, Inc.*, 363 F.3d 556, 558 n.1 (5th Cir. 2004). In removed cases where, as here, there is no suggestion that a federal question is involved, subject matter jurisdiction exists only if there is complete diversity among the parties and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332; *Lincoln Prop. Co.*, 546 U.S. at 89; *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996); *Halmekangas*, 603 F.3d at 294.

Complete diversity requires that no plaintiff be a citizen of the same state as any defendant. *Exxon Mobil Corp.*, 545 U.S. at 552; *Caterpillar Inc.*, 519 U.S. at 68; *Vaillancourt v. PNC Bank Nat'l Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014). "In cases removed from state court, diversity of citizenship must exist both at the time of filing in state court and at the time of removal to federal court." *Uglunts v. Am. Servs., Inc.*, No. 3:12-CV-4388-D, 2013 WL 3809681, at *1 (N.D. Tex.

July 23, 2013) (quoting *Coury v. Prot*, 85 F.3d 244, 249 (5th Cir. 1996)); *see Borden v. Allstate Ins. Co.*, 589 F.3d 168, 171 (5th Cir. 2009). Furthermore, removal is appropriate only if none of the parties properly joined and served as defendants is a citizen of the state in which the action was brought. *African Methodist Episcopal Church*, 756 F.3d at 793; *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (citing 28 U.S.C. § 1441(b)(2)); *In re 1994 Exxon Chem. Fire*, 558 F.3d 378, 391 (5th Cir. 2009); *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 531-32 (5th Cir.), *cert. denied*, 548 U.S. 907 (2006).

Here, there is no question that complete diversity exists between Bryson and Wells Fargo. Bryson is a citizen of Texas. Wells Fargo is a national banking association with its primary office in South Dakota. Consequently, Wells Fargo is citizen of South Dakota. *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006) (holding that a national bank is a citizen of the state in which its main office is located, as described in its articles of association); *Tu Nguyen v. Bank of America, N.A.*, 539 F. App'x 325, 327 n.1 (5th Cir. 2013). Further, it is apparent from the pleadings that the amount in controversy exceeds $75,000.00, which the parties do not dispute. Therefore, the sole remaining question is the timeliness of Well Fargo's Notice of Removal.

C.  Timeliness of Removal

"The timing of removal is controlled by 28 U.S.C. § 1446(b)." *Mumfrey*, 719 F.3d at 397; *accord Bd. of Regents of Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007). Section 1446(b) provides, in pertinent part:

> (3)  Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

7

28 U.S.C. § 1446(b). Thus, "if the initial pleading sets forth a claim that triggers the removal clock, the defendant must file notice of removal within thirty days of receiving it." *Mumfrey*, 719 F.3d at 397-98; *see* § 1446(b)(1). If the initial pleading does not trigger removal, however, "a notice of removal must be filed within thirty days of the defendant's receipt of a document from which it may ascertain that the case is, or has become, removable." *Mumfrey*, 719 F.3d at 398; *see* § 1446(b)(3).

Nevertheless, § 1446(b)(3) expressly provides a limitation on removal of certain cases, as specified in subsection (c). Thus, cases based on diversity jurisdiction, such as this one, may not be removed more than one year after the commencement of the action unless the district court finds that the plaintiff acted in bad faith to prevent removal. 28 U.S.C. 1446(c); *see* H.R. Rep. No. 112-10, at 15 (2011). This rule, commonly called the "one-year bar," is "intended to 'reduc[e] the opportunity for removal after substantial progress has been made in state court.'" *Tedford v. Warner-Lambert Co.*, 327 F.3d 423, 426 n.8 (5th Cir. 2003) (citing H.R. Rep. No. 100-889, at 72 (1988)) (referencing the prior version of the one-year bar). In 2011, Congress amended the removal statute and expressly added the bad-faith exception to the one-year bar. *Federal Courts Jurisdiction and Venue Clarification Act of 2011*, Pub. L. No. 112-63, 125 Stat. 758 (2011); *see Ehrenreich v. Black*, 994 F. Supp. 2d 284, 288-89 (E.D.N.Y. 2014). Currently, the statute provides, in relevant part:

> A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.

28 U.S.C. § 1446(c)(1). The determination of bad faith is left to the discretion of the district court, but "the exception to the bar of removal after one year is limited in scope." H.R. Rep. No.

112-10, at 15; *see A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 211-12 (3d Cir. 2014) (holding that equitable tolling of the one-year bar was inappropriate where no "extraordinary circumstances" were present).

While the time limit for removal is not jurisdictional and may be waived, the failure to file a notice of removal within thirty days may render removal improper. *See Schexnayder*, 394 F.3d at 284; *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000); *Cervantez v. Bexar Cty. Civil Serv. Comm'n*, 99 F.3d 730, 734 (5th Cir. 1996). Likewise, the one-year bar in diversity cases is procedural and may be waived if the plaintiff fails to seek remand within 30 days of removal. *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014); *see Music v. Arrowood Indem. Co.*, 632 F.3d 284, 288 (6th Cir. 2011) (analyzing the prior version of § 1446(c)); *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir.), *cert. denied*, 506 U.S. 999 (1992) (same). Unless the plaintiff waives the applicable time limit or there is some equitable reason not to apply it, "a defendant who does not timely assert the right to remove loses that right." *Tedford*, 327 F.3d at 426 n.8 (concerning the one-year bar); *Cervantez*, 99 F.3d at 734 (addressing untimely removal after 30 days from receipt of an "other paper" triggering removal); *Benesmart, Inc. v. Total Fin. Grp.*, No. 12-2645, 2012 WL 6020340, at *3 (E.D. La. Dec. 3, 2012) (discussing untimely removal more than 30 days after service of an initial pleading); *see A.S. ex rel. Miller*, 769 F.3d at 211-12 (finding that the one-year bar is procedural and subject to "equitable tolling") (citing *Tedford*, 327 F.3d at 428-29; *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 591 (3d Cir. 2005)); *see also* 28 U.S.C. § 1447(c) (noting that a plaintiff must file a motion to remand within 30 days of removal on the basis of any defect other than a lack of subject matter jurisdiction). Where a notice of removal is determined to be untimely and the deficiency is not

9

waived by the plaintiff, the removal is improvident, and remand is proper. *See Cervantez*, 99 F.3d at 734; *Benson v. Benson*, No. 5:15-CV-202, 2015 WL 3622335, at *3 (W.D. Tex. June 9, 2015) (citing *Royal v. State Farm Fire & Cas. Co.*, 685 F.2d 124, 127 (5th Cir. 1982)).

Turning to the case at bar, the court need not address whether the settlement agreement triggered the 30-day removal clock because Wells Fargo is attempting to remove the case more than one year after it was commenced.[6] As noted above, this action was commenced on November 6, 2014, and Wells Fargo did not file its Notice of Removal until January 28, 2016, approximately three months after the one-year deadline had passed. Bryson then timely filed his Motion to Remand. *See* 28 U.S.C. § 1447(c) Thus, the one-year bar requires remand, absent bad-faith conduct by Bryson. *See* 28 U.S.C. § 1446(c)(1).

Wells Fargo argues that Bryson acted in bad faith because he was "extremely dilatory in dismissing non-diverse defendant Action." In support of its position that Bryson's conduct constituted bad faith, Wells Fargo relies principally on three cases: *Tedford*, 327 F.3d at 423-429; *Lawson v. Parker Hannifin Corp.*, No. 4:13-cv-923-O, 2014 WL 1158880 (N.D. Tex. Mar. 20, 2014); and *Shriver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962 (S.D. Tex. 2001). None of these cases is directly analogous to the situation here because each includes additional facts indicating that the plaintiffs in those cases were acting in bad faith to prevent removal.

In *Tedford*, the Fifth Circuit found that a plaintiff's conduct constituted bad faith where the plaintiff, mere hours after learning that the defendant intended to seek removal, amended her pleading to add a non-diverse defendant, her own doctor, and then signed and post-dated a notice

---

[6] It is undisputed by the parties that the case was not removable at the time of Bryson's initial pleading because Action was a non-diverse, in-state defendant. *See, e.g.*, *African Methodist Episcopal Church*, 756 F.3d at 793.

10

of nonsuit against the doctor. *Tedford*, 327 F.3d at 427. The court and the defendants were unaware of the post-dated nonsuit until after the one year deadline had passed. *Id*. at 428. In *Lawson*, the court found that a plaintiff acted in bad faith when the plaintiff failed to serve the defendant until seven months after filing suit, did not move for a default judgment when the defendant failed to appear or answer the plaintiff's petition, and never sought discovery against the defendant. 2014 WL 1158880, at *6. Finally, in *Shriver*, the court found bad faith when a plaintiff non-suited the non-diverse defendant "beyond the eleventh hour," essentially the night before the trial in state court was set to begin. 167 F. Supp. 2d at 963-64. Also, the plaintiff in *Shriver* had previously dismissed his initial suit when it was removed to federal court and then re-filed essentially the same suit in state court but added a non-diverse defendant. *Id*. at 962-63.

Here, Wells Fargo cannot point to any of the clearly egregious types of facts detailed in *Tedford*, *Lawson*, or *Shriver*. To the contrary, it appears that Bryson's claims against Action were arguably meritorious, as evidenced by the settlement agreement, and that Bryson actively pursued his claims against Action—at least until Action sought and obtained bankruptcy protection.[7] It also appears from the record that Wells Fargo was aware of the bankruptcy proceedings and was at least on notice of the settlement agreement so as not to be completely surprised by the nonsuit of Action.

---

[7] Wells Fargo has not argued that the one-year bar should be tolled based on Action's bankruptcy; however, one district court in this circuit has discussed the issue, albeit in dicta. *See Lopez v. Trujillo*, 475 B.R. 550, 558-62 (N.D. Tex. 2012). In *Lopez*, the district court rejected a defendant's argument that an automatic bankruptcy stay should toll the one-year bar based on Fifth Circuit precedent and the language of the removal statute. *Id*. at 560. Importantly, as noted in *Lopez*, the addition of the bad faith exception in the 2011 amendment further supported the position that an automatic bankruptcy stay does not toll the one-year bar. *See Lopez*, 475 B.R. at 560; *see also* 28 U.S.C. § 1446(c).

While Bryson waited until five months after the Bankruptcy Court approved the settlement agreement to nonsuit Action, Wells Fargo has failed to show how this conduct, in and of itself, amounts to bad faith. Although the settlement agreement was approved on July 23, 2015, the Bankruptcy Court did not issue its order confirming the Chapter 11 bankruptcy plan until October 7, 2015, and Action was not discharged from bankruptcy until December 16, 2015. Consequently, the bankruptcy case was still ongoing until 13 days before the notice of nonsuit was filed by Action's attorneys on December 29, 2015. Thus, it does not appear that Bryson acted in bad faith to prevent removal of this case.

Additionally, the court must be mindful of the overarching principle that the removal statutes must be strictly construed and all doubts resolved in favor of remand. *See, e.g.*, *African Methodist Episcopal Church*, 756 F.3d at 793; *Barker*, 713 F.3d at 212. Accordingly, the court declines to find that Bryson acted in bad faith to prevent removal. Therefore, § 1446(c) bars Wells Fargo's untimely removal, and remand to state court is warranted.

III. Conclusion

An evaluation of the relevant facts and controlling law reveals that Wells Fargo's Notice of Removal was untimely. Therefore, this case was improvidently removed, and remand is required. Accordingly, Bryson's Motion to Remand is GRANTED. This action will be remanded to the 60th Judicial District Court of Jefferson County, Texas. A separate order of remand will be issued.

**Signed this date.**

**Mar 31, 2016**

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE